IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE KRAUSE, t/d/b/a | : | No. 3:03cv505 |
| KRAUSE TRUCKING, INC., | : | |
|     Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| CURTIS PASSARO, | : | |
| TONY MARTINELLI, | : | |
| SEAN ROBBINS, | : | |
| and DARIL ZAVISLAK, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the defendants' motion for summary judgment in the instant civil rights action. The parties have briefed their positions, and oral argument has been held. The matter is thus ripe for disposition.

**Background**

The facts of this case are largely undisputed and are as follows. On January 14, 2002, a driver was hauling wheat in plaintiff's tractor trailer. At approximately 1:30 p.m., Defendant Curtis Passaro, a Motor Carrier Enforcement Officer employed by the Pennsylvania Department of Transportation, pulled over the tractor trailer near Mifflinville, Columbia County, near the truck's destination, Brandt Mills Inc. Compl. ¶ 15. The truck was hauling #2 Red Wheat. Compl. ¶ 16. Passaro cited the driver for carrying too much weight and contacted Defendant Tony Martinelli, an Environmental Protection Specialist with the Pennsylvania Department of Environmental Protection, who subsequently arrived on the scene. The press also arrived. Compl. ¶ 17.

Martinelli issued a citation for hauling food stuffs in a vehicle used to transport waste in violation of 75 PA.C.S.A. § 4909(a)(1). The driver had hauled demolition waste in the truck to a landfill in Ohio and was hauling the wheat to the mill on the return trip. Passaro told the press about the situation, and the press reported that Krause had been hauling "garbage" before hauling the wheat. Compl. ¶ 18. Passaro and Martinelli then telephoned plaintiff from the scene and told him they were going to dump the wheat in a landfill and confiscate the truck. Compl. ¶ 19.

Passaro and Martinelli then took the truck, dumped the wheat at a landfill and held the truck in a secret location for nine months. They never held a forfeiture hearing on the truck. They charged Plaintiff Jamie Krause for the landfill fees and fined him $10,000.00. The complaint asserts that Passaro and Martinelli were "assisted and superseded" by Defendant Daril Zavislak, a Special Investigator with the Office of Chief Counsel of the Pennsylvania Department of Environmental Protection. Compl. ¶ 21. During this time period, Defendant Sean Robbins, an attorney for the Department of Environmental Resources was contacted by plaintiff and plaintiff's counsel regarding the return of the tractor trailer. Compl. ¶ 25.

The seizure of the truck for nine months allegedly caused the plaintiff to enter into bankruptcy. It was eventually repossessed and the plaintiff's business is now defunct. Compl. ¶ 24. Plaintiff was eventually found not guilty of violating 75 PA.C.S.A. § 4909(A)(1). Compl. ¶ 35. He had originally been found guilty of the charge by a district justice and then appealed to the Court of Common Pleas of Columbia County which found him not guilty. The defendants are alleged to have kept the truck because they believed plaintiff would agree to drop the appeal in return for the truck. Compl. ¶ 35-37.

Plaintiffs subsequently brought the instant action asserting deprivations of his First, Fourth and Fourteenth Amendment rights for retaliation, unlawful searches and seizures, deprivation of procedural and

2

substantive due process and for conspiracy to deprive him of these rights pursuant to 42 U.S.C. § 1983 ("section 1983"). Subsequently, we granted in part a motion to dismiss filed by the defendants. We dismissed plaintiffs' substantive due process claim. Remaining in the case are plaintiffs' claims of: deprivation of procedural due process and equal protection; violation of the First Amendment and Fourth Amendment and defamation.

At the close of discovery, defendants filed the instant motion for summary judgment, bringing the case to its present posture. After a careful review, and for the reasons that follow, we will grant the motion for summary judgment.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id.

Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Discussion**

Defendants raise the following six issues in their motion for summary judgment: 1) Whether the initial seizure of Krause's truck was constitutional; 2) Whether defendants violated plaintiff's right to procedural due process by disposing of the wheat and by not initiating forfeiture proceedings for the tractor-trailer; 3) Whether plaintiff was treated arbitrarily and capriciously such as to violate his right to equal protection; 4) Whether, even if a plea bargain was offered, that plea bargain violated plaintiff's First Amendment right;  5) Whether statutory immunity protects the defendants from the defamation action; and 6) Whether defendants have qualified immunity for their actions.  We will address the issues *in seriatim.*

**1. Initial seizure of plaintiff's truck**

Plaintiff asserts that the seizure of his truck violated the Fourth Amendment prohibition of

4

unreasonable seizures.  Defendants' position is that whether or not the decision to seize the truck and its contents was reasonable under the Fourth Amendment depends on if they had probable cause that 75 Pa.C.S. § 4909(a)(1) ("section 4909") had been violated.

Section 4909 makes it unlawful to "transport[] or knowingly provide[] a vehicle for the transportation of any food product or produce intended for human consumption in a vehicle which has been used to transport any municipal, residual or hazardous waste or any chemical or liquid, in bulk, which is not a food product or produce." 75 Pa.C.S. § 4909(a)(1).

Probable cause exists when facts and circumstances within the officer's knowledge are sufficient in themselves to warrant reasonable person to believe that offense has been or is being committed.  Wilson v. Russo, 212 F.3d 781, 789-90 (3d 2000).

According to the record, the defendant possessed reasonable suspicion in order to make a stop of the vehicle and probable cause to seize it.  Defendant Passaro, a Pennsylvania Department of Transportation Motor Carrier Enforcement Officer observed the truck and believed that it was over the legal weight limit.  (Def. Ex. B, Passaro Dep. at 37).  Upon pulling the truck to the side of the road, Defendant Passaro had a conversation with the driver, and the driver indicated that he was hauling wheat from Ohio.  The driver further informed Passaro that the truck had been used to transport demolition waste from Brooklyn, New York to a landfill in Ohio.  (Def. Ex. B, Passaro Dep. at 39 - 42).  As set forth above, Pennsylvania law prohibits transporting food for human consumption in a vehicle that has been used to transport waste.  75 Pa.C.S. § 4909(a)(1).  Accordingly, after speaking with the driver, Passaro had probable cause to believe that section 4909 had been violated.

Plaintiff argues that whether the defendants possessed probable cause to seize the tractor trailer is

5

irrelevant. Once the stop was made, plaintiff believes that the defendants could have obtained a warrant for the truck and/or the wheat, but they did not and thus their seizure was unconstitutional. Plaintiff opines that one should not be deprived of his property without a warrant unless exigent circumstances exist. Plaintiff's argument is without merit.

The United States Supreme Court has held that the Fourth Amendment does not require a warrant before seizing an automobile from a public place if the authorities have probable cause to believe the automobile itself is forfeitable. Florida v. White, 526 U.S. 559, 565-66 (1999). Pennsylvania law provides for the forfeiture of vehicles used to violate the law. 75 PA.C.S.A. § 4909(c).[1] Accordingly, because Defendant Passaro possessed probable cause that plaintiff utilized the truck to the violate the law, he also had probable cause to believe that the automobile itself was forfeitable. No warrant was needed to seize the truck, and plaintiff's Fourth Amendment claim fails.

**2. Procedural due process/forfeiture proceedings**

Plaintiff also asserts a procedural due process claim based upon the forfeiture and the defendants' continuing possession of the vehicle without initiating any type of formal forfeiture procedure. Defendants contend that no procedural due process claim is cognizable because all the process that was due was provided by the Pennsylvania Rules of Criminal Procedure. Pennsylvania has a mechanism for him to challenge the seizure, and he did not to use it. We agree with the defendants.

To maintain an action for intentional or negligent deprivation of property under section 1983,

---

[1]Specifically, 75 PA.C.S.A. § 4909(c) provides: "Any vehicle or conveyance used in the commission of an offense under this section shall be deemed contraband and forfeited to the Department of Environmental Resources."

Plaintiff must show that: (1) Defendants acted under color of state law; and (2) Plaintiff has no adequate post-deprivation state remedy to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

In the instant case, it cannot be disputed that the defendants acted under color of state law. Plaintiff, however, did have an adequate post-deprivation state remedy. Rule 588 of the Pennsylvania Rules of Criminal Procedure provides as follows:

"A person aggrieved by a search and seizure whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized."

PA.R.CRIM.PRO. 588(a). This section provides sufficient due process to the plaintiff. See Marsh v. Ladd, No. 03-5977, 2004 WL 2441088, at * 7 (E.D. Pa. Oct. 27, 2004).

Plaintiff did not utilize the mechanism provided by Rule 588 for the return of his property. He cannot now complain that the state's retention of his property violated his rights. Judgment shall be granted to the defendants on plaintiff's procedural due process claim.[2]

### 3. Equal Protection

Defendants attack the plaintiffs' equal protection claim on the grounds that plaintiff cannot provide evidence of any similarly situated persons who were treated in a different manner from him. Plaintiff has not addressed this issue in his brief. It shall be deemed, therefore, that he does not oppose judgment in favor of

---

[2]Plaintiff, with no reasoned analysis, argues that if Pennsylvania's forfeiture law allows for the actions that occurred in this case, then the forfeiture law must be unconstitutional. Plaintiff is mistaken. The constitutional bounds elucidated by the United States Supreme Court in the cases discussed above are not exceeded by the forfeiture law utilized in this case.

7

the defendants on this issue.  See Local Rule 7.6.

Moreover, the Fourteenth Amendment of the United States Constitution provides that state cannot "deny to any person within its jurisdiction the equal protection of the laws." "This is not a command that all persons be treated alike but, rather, a direction that all persons similarly situated should be treated alike." Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996) (internal quotation marks omitted).  It is axiomatic, therefore, that to establish an equal protection claim, the plaintiff must demonstrate that similarly situated persons were treated better than he was.   Plaintiff has not presented any evidence of such treatment, and his Equal Protection claim fails on the merits.

### 4. Plea Bargain/First Amendment

Plaintiff asserts that his First Amendment rights were violated because he refused to plead guilty. (Compl. ¶ 36).  He claims that  he  was told that if he pled guilty, his truck would be returned to him.  (Id.). Defendants argue that plaintiff was simply going through plea bargaining.  It is appropriate for the government to persuade a defendant to plead guilty through negotiation.  We agree with the defendants.

The United States Supreme Court has explained as follows: "The plea bargaining process necessarily exerts pressure on defendants to plead guilty and to abandon a series of fundamental rights, but we have repeatedly held that the government may encourage a guilty plea by offering substantial benefits in return for the plea." United States v. Mezzanatto, 513 U.S. 196, 210 (1995) (internal quotation marks omitted).  Accordingly, plaintiff cannot raise a constitutional claim with regard to the plea negotiations, and we will grant judgment to the defendants on the plaintiff's First Amendment claim.

### 5. Defamation

Plaintiff's complaint asserts that Defendant Passaro defamed him when he used the word "garbage"

to describe the material plaintiff had hauled in his truck. Passaro argues that he is subject to statutory immunity on this claim, and even if the immunity did not apply, no evidence exists in the record that he defamed plaintiff. After a careful review, we are in agreement with the plaintiff.

All officials and employees of Pennsylvania acting within the scope of their duties are protected by sovereign immunity, unless it has been waived. 1 Pa.C.S. § 2310. It has not been waived with respect to defamation claims. See Adams v. McAllister, 798 F. Supp. 242, 247 (M.D. Pa. 1992) aff'd 972 F.2d 1330 (3d Cir. 1992) (table).[3]

Accordingly, sovereign immunity applies and we need not address the remainder of the issues raised with regard to plaintiff's defamation claim.

### 6. Qualified Immunity

Defendants also raise the defense of qualified immunity. As we have discussed above, none of the plaintiff's claims have merit, we need not address this issue.

**Conclusion**

For all the forgoing reasons, summary judgment will be granted to the defendants. An appropriate order follows.

---

[3]The categories of issues for which the Commonwealth has waived sovereign immunity are found in 42 P.C.S.A. § 8522. Defamation is not listed among them.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMIE KRAUSE, t/d/b/a** | : | No. 3:03cv505 |
| **KRAUSE TRUCKING, INC.,** | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **CURTIS PASSARO,** | : | |
| **TONY MARTINELLI,** | : | |
| **SEAN ROBBINS,** | : | |
| **and DARIL ZAVISLAK,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 21st day of September 2005, the defendants' motion for summary judgment (Doc. 25) is hereby **GRANTED** and judgment is granted to the defendants on all of the plaintiff's claims. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**